# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALTO DYNAMICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 22-1349-RGA |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| HOUZZ INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT HOUZZ INC.'S ANSWER TO COMPLAINT

Defendant Houzz Inc. ("Defendant" or "Houzz"), by and through its attorneys, hereby answers the Complaint for Patent Infringement ("Complaint") of Plaintiff Alto Dynamics LLC ("Plaintiff" or "Alto Dynamics") as follows:

## NATURE OF THE ACTION

1. Houzz admits that the Complaint purports to be a patent infringement action asserting U.S. Patent No. 8,051,098 entitled "Systems And Methods For State-Less Authentication," U.S. Patent No. RE46,513 entitled "Systems And Methods For State-Less Authentication," U.S. Patent No. 7,657,531 entitled "Systems And Methods For State-Less Authentication," U.S. Patent No. 7,392,160 entitled, "System And Method For Monitoring Usage Patterns," U.S. Patent No. 7,152,018 entitled "System And Method For Monitoring Usage Patterns," U.S. Patent No. 6,604,100 entitled "Method For Converting Relational Data Into A Structured Document," U.S. Patent No. 6,691,103 entitled "Method For Searching A Database, Search Engine System For Searching A Database, And Method Of Providing A Key Table For Use By A Search Engine For A Database," U.S. Patent No. 6,662,190 entitled, "Learning Automatic Data Extraction System," U.S. Patent No. 6,757,662 entitled " Method And System For Display Advertisement Qualification And Notification," and U.S. Patent No. 6,311,194

entitled "System And Method For Creating A Semantic Web And Its Applications In Browsing, Searching, Profiling, Personalization And Advertising," copies of which are attached to the Complaint as Exhibits A through Exhibit J, respectively.  Houzz denies any and all remaining allegations in paragraph 1 of the Complaint.

  2. Paragraph 2 requires no response from Houzz, but to the extent a response is required, Houzz admits Alto Dynamics purports to seek injunctive relief and monetary damages.

## THE PARTIES

  3. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 3 of the Complaint and on that basis denies them.

  4. Houzz admits it is a corporation organized under the laws of Delaware with its corporate headquarters located at 285 Hamilton Avenue, Palo Alto, California 94301.

  5. Houzz admits that its registered agent in Delaware is Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

  6. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

  7. Houzz admits the Complaint purports to be an action that arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  Houzz further admits that this Court has subject matter jurisdiction over this case as pleaded for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). Houzz denies any and all remaining allegations in paragraph 7 of the Complaint.

8. Houzz admits, for purposes of this action only, that this Court may exercise personal jurisdiction over Houzz, that Houzz is incorporated under the laws of Delaware, and that Houzz conducts business within the State of Delaware and within this District. Houzz denies any and all remaining allegations in paragraph 8 of the Complaint.

9. Houzz admits that its products and services are made available in the United States, in the State of Delaware, and in this District. Houzz denies any and all remaining allegations in paragraph 9 of the Complaint.

10. Houzz admits that it is incorporated in the State of Delaware and has customers in the State of Delaware and in this District. Houzz denies any and all remaining allegations in paragraph 10 of the Complaint.

11. Houzz admits, for purposes of this action only, that venue is proper in this District and that it is incorporated under the laws of Delaware. Houzz denies any and all remaining allegations in paragraph 11 of the Complaint.

12. Houzz admits, for purposes of this action only, that venue is proper in this District, that this Court may exercise personal jurisdiction over Houzz, and that it is incorporated under the laws of Delaware. Houzz denies any and all remaining allegations in paragraph 12 of the Complaint.

## THE ACCUSED INSTRUMENTALITIES

13. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

14. Houzz admits that it owns, operates, advertises, and/or controls the website https://www.houzz.com and has mobile apps available through the Apple App Store, Amazon,

and Google Play.  Houzz further admits that Exhibit K attached to the Complaint reflects the phrase "Houzz Login," that Exhibit L to the Complaint reflects the phrase "Privacy Policy," and that Exhibit M to the Complaint reflects the phrase "Integrated Search Experience."  Houzz denies any and all remaining allegations in paragraph 14 of the Complaint.

## COUNT I:  INFRINGEMENT OF U.S. PATENT NO. 8,051,098

15. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

16. Houzz admits that the document attached as Exhibit A to the Complaint on its face reflects that U.S. Patent No. 8,051,098 (the "'098 patent") was issued on November 1, 2011, that Application No. 12/691,547 was filed on January 21, 2010, and that a Certificate of Correction was issued dated June 12, 2012.  Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 16 of the Complaint and on that basis denies them.

17. Houzz admits that the document attached as Exhibit A to the Complaint reflects that the '098 patent is entitled, "SYSTEMS AND METHODS FOR STATE-LESS AUTHENTICATION."

18. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint and on that basis denies them.

19. Houzz denies the allegations of paragraph 19 of the Complaint.

20. Houzz denies the allegations of paragraph 20 of the Complaint.

21. Houzz denies the allegations of paragraph 21 of the Complaint.

22. Houzz denies the allegations of paragraph 22 of the Complaint.

23. Houzz denies the allegations of paragraph 23 of the Complaint.

24. Houzz denies the allegations of paragraph 24 of the Complaint.

25. Houzz denies the allegations of paragraph 25 of the Complaint.

26. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint and on that basis denies them.

27. Houzz denies the allegations of paragraph 27 of the Complaint.

## COUNT II:  INFRINGEMENT OF U.S. PATENT NO. RE46,513

28. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

29. Houzz admits that the document attached as Exhibit B to the Complaint on its face reflects that U.S. Patent No. RE46,513 (the "'513 patent") was issued on August 15, 2017, that Application No. 13/369,112 was filed on February 8, 2012, and that the '513 is a reissue of U.S. Patent No. 7,020,645 issued March 28, 2006 from Application No. 09/839,551, which was filed on April 19, 2001.  Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 29 of the Complaint and on that basis denies them.

30. Houzz admits that the document attached as Exhibit A to the Complaint reflects that the '513 patent is entitled, "SYSTEMS AND METHODS FOR STATE-LESS AUTHENTICATION."

31. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and on that basis denies them.

32. Houzz denies the allegations of paragraph 32 of the Complaint.

33. Houzz denies the allegations of paragraph 33 of the Complaint.

34. Houzz denies the allegations of paragraph 34 of the Complaint.

35. Houzz denies the allegations of paragraph 35 of the Complaint.

36. Houzz denies the allegations of paragraph 36 of the Complaint.

37. Houzz denies the allegations of paragraph 37 of the Complaint.

38. Houzz denies the allegations of paragraph 38 of the Complaint.

39. Admitted.

40. Houzz denies the allegations of paragraph 40 of the Complaint.

41. Houzz denies the allegations of paragraph 41 of the Complaint.

42. Houzz denies the allegations of paragraph 42 of the Complaint.

43. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 43 of the Complaint and on that basis denies them.

44. Houzz denies the allegations of paragraph 44 of the Complaint.

45. Houzz denies the allegations of paragraph 45 of the Complaint.

**COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 7,657,531**

46. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

47. Houzz admits that the document attached as Exhibit C to the Complaint on its face reflects that U.S. Patent No. 7,657,531 (the "'531 patent") was issued on February 2, 2010, that Application No. 11/325,463 was filed on January 5, 2006, and that a Certificate of Correction was issued dated November 13, 2010.  Houzz lacks sufficient knowledge or

information to form a belief as to the truth or falsity of the remaining allegations in paragraph 47 of the Complaint and on that basis denies them.

48. Houzz admits that the document attached as Exhibit C to the Complaint reflects that the '531 patent is entitled, "SYSTEMS AND METHODS FOR STATE-LESS AUTHENTICATION."

49. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 49 of the Complaint and on that basis denies them.

50. Houzz denies the allegations of paragraph 50 of the Complaint.

51. Houzz denies the allegations of paragraph 51 of the Complaint.

52. Houzz denies the allegations of paragraph 52 of the Complaint.

53. Houzz denies the allegations of paragraph 53 of the Complaint.

54. Houzz denies the allegations of paragraph 54 of the Complaint.

55. Houzz denies the allegations of paragraph 55 of the Complaint.

56. Houzz denies the allegations of paragraph 56 of the Complaint.

57. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 57 of the Complaint and on that basis denies them.

58. Houzz denies the allegations of paragraph 58 of the Complaint.

### COUNT IV:  INFRINGEMENT OF U.S. PATENT NO. 7,392,160

59. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

60. Houzz admits that the document attached as Exhibit D to the Complaint on its face reflects that U.S. Patent No. 7,392,160 (the "'160 patent") was issued on June 24, 2008, and

that Application No. 11/557,170 was filed on November 7, 2006. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 60 of the Complaint and on that basis denies them.

61. Houzz admits that the document attached as Exhibit D to the Complaint reflects that the '160 patent is entitled, "SYSTEM AND METHOD FOR MONITORING USAGE PATTERNS."

62. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Complaint and on that basis denies them.

63. Houzz denies the allegations of paragraph 63 of the Complaint.

64. Houzz denies the allegations of paragraph 64 of the Complaint.

65. Houzz denies the allegations of paragraph 65 of the Complaint.

66. Houzz denies the allegations of paragraph 66 of the Complaint.

67. Houzz denies the allegations of paragraph 67 of the Complaint.

68. Houzz denies the allegations of paragraph 68 of the Complaint.

69. Houzz denies the allegations of paragraph 69 of the Complaint.

70. Admitted.

71. Houzz denies the allegations of paragraph 71 of the Complaint.

72. Houzz denies the allegations of paragraph 72 of the Complaint.

73. Houzz denies the allegations of paragraph 73 of the Complaint.

74. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 74 of the Complaint and on that basis denies them.

75. Houzz denies the allegations of paragraph 75 of the Complaint.

76. Houzz denies the allegations of paragraph 76 of the Complaint.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,152,018

77. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

78. Houzz admits that the document attached as Exhibit E to the Complaint on its face reflects that U.S. Patent No. 7,152,018 (the "'018 patent") was issued on December 19, 2006. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 78 of the Complaint and on that basis denies them.

79. Houzz admits that the document attached as Exhibit E to the Complaint reflects that the '018 patent is entitled, "SYSTEM AND METHOD FOR MONITORING USAGE PATTERNS."

80. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Complaint and on that basis denies them.

81. Houzz denies the allegations of paragraph 81 of the Complaint.

82. Houzz denies the allegations of paragraph 82 of the Complaint.

83. Houzz denies the allegations of paragraph 83 of the Complaint.

84. Houzz denies the allegations of paragraph 84 of the Complaint.

85. Houzz denies the allegations of paragraph 85 of the Complaint.

86. Houzz denies the allegations of paragraph 86 of the Complaint.

87. Houzz denies the allegations of paragraph 87 of the Complaint.

88. Admitted.

89. Houzz denies the allegations of paragraph 89 of the Complaint.

90. Houzz denies the allegations of paragraph 90 of the Complaint.

91. Houzz denies the allegations of paragraph 91 of the Complaint.

92. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Complaint and on that basis denies them.

93. Houzz denies the allegations of paragraph 93 of the Complaint.

94. Houzz denies the allegations of paragraph 94 of the Complaint.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,604,100

95. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

96. Houzz admits that the document attached as Exhibit F to the Complaint on its face reflects that U.S. Patent No. 6,604,100 (the "'100 patent") was issued on August 5, 2003, that Application No. 09/778,749 was filed on February 8, 2001, and that a Certificate of Correction was issued dated November 25, 2003. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 96 of the Complaint and on that basis denies them.

97. Houzz admits that the document attached as Exhibit F to the Complaint reflects that the '160 patent is entitled, "METHOD FOR CONVERTING RELATIONAL DATA INTO A STRUCTURED DOCUMENT."

98. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 98 of the Complaint and on that basis denies them.

99. Houzz denies the allegations of paragraph 99 of the Complaint.

100. Houzz denies the allegations of paragraph 100 of the Complaint.

101. Houzz denies the allegations of paragraph 101 of the Complaint.

102. Houzz denies the allegations of paragraph 102 of the Complaint.

103. Houzz denies the allegations of paragraph 103 of the Complaint.

104. Houzz denies the allegations of paragraph 104 of the Complaint.

105. Houzz denies the allegations of paragraph 105 of the Complaint.

106. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 106 of the Complaint and on that basis denies them.

107. Houzz denies the allegations of paragraph 107 of the Complaint.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 6,691,103**

108. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

109. Houzz admits that the document attached as Exhibit G to the Complaint on its face reflects that U.S. Patent No. 6,691,103 (the "'103 patent") was issued on February 10, 2004, and that Application No. 10/114,423 was filed on April 2, 2002. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 109 of the Complaint and on that basis denies them.

110. Houzz admits that the document attached as Exhibit G to the Complaint reflects that the '160 patent is entitled, "METHOD FOR SEARCHING A DATABASE, SEARCH ENGINE SYSTEM FOR SEARCHING A DATABASE, AND METHOD OF PROVIDING A KEY TABLE FOR USE BY A SEARCH ENGINE FOR A DATABASE."

111. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 111 of the Complaint and on that basis denies them.

112. Houzz denies the allegations of paragraph 112 of the Complaint.

113. Houzz denies the allegations of paragraph 113 of the Complaint.

114. Houzz denies the allegations of paragraph 114 of the Complaint.

115. Houzz denies the allegations of paragraph 115 of the Complaint.

116. Houzz denies the allegations of paragraph 116 of the Complaint.

117. Houzz denies the allegations of paragraph 117 of the Complaint.

118. Houzz denies the allegations of paragraph 118 of the Complaint.

119. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 119 of the Complaint and on that basis denies them.

120. Houzz denies the allegations of paragraph 120 of the Complaint.

## COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 6,662,190

121. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

122. Houzz admits that the document attached as Exhibit H to the Complaint on its face reflects that U.S. Patent No. 6,662,190 (the "'190 patent") was issued on December 9, 2003, and that Application No. 09/812,425 was filed on March 20, 2001. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 122 of the Complaint and on that basis denies them.

123. Houzz admits that the document attached as Exhibit H to the Complaint reflects that the '190 patent is entitled, "LEARNING AUTOMATIC DATA EXTRACTION SYSTEM."

124. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 124 of the Complaint and on that basis denies them.

125. Houzz denies the allegations of paragraph 125 of the Complaint.

126. Houzz denies the allegations of paragraph 126 of the Complaint.

127. Houzz denies the allegations of paragraph 127 of the Complaint.

128. Houzz denies the allegations of paragraph 128 of the Complaint.

129. Houzz denies the allegations of paragraph 129 of the Complaint.

130. Houzz denies the allegations of paragraph 130 of the Complaint.

131. Houzz denies the allegations of paragraph 131 of the Complaint.

132. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 132 of the Complaint and on that basis denies them.

133. Houzz denies the allegations of paragraph 133 of the Complaint.

## COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 6,757,662

134. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

135. Houzz admits that the document attached as Exhibit I to the Complaint on its face reflects that U.S. Patent No. 6,757,662 (the "'662 patent") was issued on June 29, 2004, and that Application No. 09/614,972 was filed on August 21, 2000. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 135 of the Complaint and on that basis denies them.

136. Houzz admits that the document attached as Exhibit I to the Complaint reflects that the '662 patent is entitled, "METHOD AND SYSTEM FOR DISPLAY ADVERTISEMENT QUALIFICATION AND NOTIFICATION."

137. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 137 of the Complaint and on that basis denies them.

138. Houzz denies the allegations of paragraph 138 of the Complaint.

139. Houzz denies the allegations of paragraph 139 of the Complaint.

140. Houzz denies the allegations of paragraph 140 of the Complaint.

141. Houzz denies the allegations of paragraph 141 of the Complaint.

142. Houzz denies the allegations of paragraph 142 of the Complaint.

143. Houzz denies the allegations of paragraph 143 of the Complaint.

144. Houzz denies the allegations of paragraph 144 of the Complaint.

145. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 145 of the Complaint and on that basis denies them.

146. Houzz denies the allegations of paragraph 146 of the Complaint.

## COUNT XI:  INFRINGEMENT OF U.S. PATENT NO. 6,311,194

147. Houzz admits that Alto Dynamics purports to repeat and re-allege the allegations of the paragraphs above in its Complaint, and Houzz incorporates its responses thereto as if fully set forth herein.

148. Houzz admits that the document attached as Exhibit J to the Complaint on its face reflects that U.S. Patent No. 6,311,194 (the "'194 patent") was issued on October 30, 2001. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 148 of the Complaint and on that basis denies them.

149. Houzz admits that the document attached as Exhibit J to the Complaint reflects that the '194 patent is entitled, "SYSTEM AND METHOD FOR CREATING A SEMANTIC WEB AND ITS APPLICATIONS IN BROWSING, SEARCHING, PROFILING, PERSONALIZATION AND ADVERTISING."

150. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 150 of the Complaint and on that basis denies them.

151. Houzz denies the allegations of paragraph 151 of the Complaint.

152. Houzz denies the allegations of paragraph 152 of the Complaint.

153. Houzz denies the allegations of paragraph 153 of the Complaint.

154. Houzz denies the allegations of paragraph 154 of the Complaint.

155. Houzz denies the allegations of paragraph 155 of the Complaint.

156. Houzz denies the allegations of paragraph 156 of the Complaint.

157. Houzz denies the allegations of paragraph 157 of the Complaint.

158. Houzz lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 158 of the Complaint and on that basis denies them.

159. Houzz denies the allegations of paragraph 159 of the Complaint.

## JURY DEMAND

160. The Complaint's Jury Demand in paragraph 160 requires no response from Houzz, but pursuant to Federal Rule of Civil Procedure 38, Houzz also demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

161. The Complaint's Prayer for Relief in paragraphs 161 and 161.a-161.g, requires no response from Houzz, but to the extent one is required Houzz denies that Alto Dynamics is entitled to the relief it seeks in these paragraphs or any relief at all for the allegations made in its Complaint.

**GENERAL DENIAL**

162. Houzz denies all allegations in the Complaint, express or implied, to which Houzz has not specifically admitted to in its Answer.

**AFFIRMATIVE AND OTHER DEFENSES**

163. Houzz asserts the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be on Alto Dynamics. In addition to the defenses described below, Houzz specifically reserves all rights to assert additional defenses as additional information becomes available. Furthermore, Houzz repeats and incorporates by reference each of its responses in the foregoing paragraphs as if fully set forth herein.

164. Houzz denies all allegations in the Complaint, express or implied, to which Houzz has not specifically admitted to in its Answer.

**First Defense (Lack of Standing)**

165. On information and belief, Alto Dynamics lacks sufficient rights in the '098, '513, '531, '160, '018, '100, '103, '190, '662, and/or '194 patents (collectively, the "Patents-in-Suit") to have standing to bring this suit.

**Second Defense (Non-Infringement)**

166. Houzz has not infringed and does not infringe any valid or enforceable claim of the Patents-in-Suit, whether directly, jointly, indirectly, literally, under the doctrine of equivalents, contributorily, by inducement, or in any way.

**Third Defense (Invalidity)**

167. The asserted claims of the Patents-in-Suit are invalid for failure to meet the requirements of one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fourth Defense (Limitations on Damages)

168. Alto Dynamics' claims for damages and/or costs, if any, are statutorily limited by 35 U.S.C. §§ 284, 285, 286, 287, and/or 288.

### Fifth Defense (Other Equitable Defenses)

169. One or more claims of Alto Dynamics are barred, in whole or in part, due to one or more equitable defenses or doctrines, including without limitation, waiver, acquiescence, prosecution laches, and/or equitable estoppel.

### Reservation of Additional Defenses

170. Houzz reserves any and all additional defenses under Title 35, or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, the rules of this Court, or otherwise in law or equity, now existing or later arising, as may be discovered.

### PRAYER FOR RELIEF

WHEREFORE, Houzz prays for the following relief and judgment:

A. That Alto Dynamics take nothing by way of its Complaint and the same be dismissed with prejudice;

B. That the Court enters a judgment declaring that Houzz has not infringed and does not infringe the '098, '513, '531, '160, '018, '100, '103, '190, '662, and '194 patents;

C. That the Court enters a judgment declaring that the claims of the '098, '513, '531, '160, '018, '100, '103, '190, '662, and '194 patents are invalid;

D. That all damages, costs, expenses, attorneys' fees, prejudgment and/or post judgment interest, and other relief sought by Alto Dynamics be denied; and

E.   That this case be declared exceptional pursuant to 35 U.S.C. § 285 and attorneys' fees and costs incurred in this action be awarded to Houzz; and that the Court award Houzz all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Houzz demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Ryan J. Marton
Carolyn Chang
Phillip J. Haack
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market Street, Suite 36117
San Francisco, CA 94104
Tel: (415) 360-2514

By: */s/ David E. Moore*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

Dated: April 5, 2023
10728260 / 22823.00001

*Attorneys for Defendant Houzz Inc.*